[942 NYS2d 568]

In the Matter of KATHLEEN FRANCES GAHLES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of New Jersey filed April 8, 2011 (205 NJ 471, 16 A3d 351), the respondent, who had been temporarily suspended from the practice of law in that state by order of the Supreme Court of the State of New Jersey filed September 23, 2008, was publicly censured for violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 8.1 (b) (failure to reply to a lawful demand for information from a disciplinary authority) and RPC rule 8.4 (d) (conduct prejudicial to the administration of justice). The order filed April 8, 2011, directed that the respondent shall remain suspended pending her compliance with the order filed September 23, 2008.

The order filed September 23, 2008, temporarily suspended the respondent from the practice of law in New Jersey, effective October 23, 2008, for her failure to pay a fee arbitration award and a $500 sanction to the Disciplinary Oversight Committee. The order further provided that it would be vacated automatically if, prior to the effective date of the suspension, the respondent satisfied all financial obligations under the order. The order also directed that the respondent comply with New Jersey Rules of Court rule 1:20-20 which required, inter alia, that she file an affidavit of compliance.

The order filed April 8, 2011, was based on a decision of the Disciplinary Review Board (hereinafter DRB), dated February 28, 2011. Following the respondent's temporary suspension, a complaint was filed charging her with violating RPC rule 8.1 (b) and RPC rule 8.4 (d), in addition to failing to file an affidavit of compliance as required by New Jersey Rules of Court rule 1:20-20. The Office of Attorney Ethics (hereinafter OAE) certified to the DRB that the respondent defaulted in responding to the complaint.

The respondent moved to vacate the default claiming, inter alia, that she never received any of the OAE letters; that the signatures on the return receipt letters were not hers; that, due to her inability to navigate stairs because of health problems, either her daughter or son-in-law retrieved the mail; and that her son-in-law threw her mail away or placed it in "a pile of junk." The respondent also claimed that, since she had no clients since sometime in 2007, she did not have to notify any clients or return any files. With regard to her health, the respondent explained that she suffered from serious medical problems, caus-

ing her to undergo surgery on December 10, 2008. The respondent did not recall receiving the court's order of temporary suspension because, after the surgery, she was in a great deal of pain, took pain killers, and was "very foggy about that time period."

The OAE opposed the motion to vacate, arguing that the respondent had not established a reasonable basis for not filing an answer to the complaint and meritorious defenses to the charges.

The DRB agreed with the OAE that the respondent failed to meet the standard for vacating the default, finding that the respondent's assertion that she did not receive the complaint strained credulity. The DRB also refused to credit the respondent's assertion that she did not receive the court's order requiring her compliance with the provisions of New Jersey Rules of Court rule 1:20-20. As for the respondent's assertion that her memory was fuzzy after the surgery, the DRB noted that the court's order was filed on September 23, 2008, almost two months before her December 2008 surgery. The fact that respondent had no clients since sometime in 2007 did not, in the DRB's view, absolve her of her obligation to file an affidavit of compliance.

Accordingly, the DRB denied the motion to vacate the default and treated the matter as a default. The DRB found that the respondent violated RPC rule 8.1 (b) and RPC rule 8.4 (d) by failing to file the required affidavit of compliance as required by New Jersey Rules of Court rule 1:20-20. In determining the measure of discipline to impose, the DRB noted that the respondent previously was reprimanded in 1999 for gross neglect and lack of diligence in an estate matter, and was admonished in 2005 for failure to treat with courtesy and consideration all persons involved in the legal process. The DRB concluded that, under the circumstances, a public censure was the appropriate discipline to impose. The DRB further recommended that the respondent should be required to provide to OAE, within 90 days of the court's order, proof of fitness to practice law, and that upon reinstatement, the respondent should practice under the supervision of an OAE-approved proctor for a two-year period.

The order filed April 8, 2011, publicly censured the respondent for violation of RPC rule 8.1 (b) and RPC rule 8.4 (d). The same order directed that the respondent shall *remain suspended* pending her compliance with the order filed September 23, 2008;

directed the respondent to submit proof of her fitness to practice law as attested by a mental health professional approved by the OAE; and directed the respondent, on reinstatement, to practice under the supervision of a supervising attorney approved by the OAE for a period two years and until further order of the court.

Although served by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts with a notice pursuant to 22 NYCRR 691.3 on October 21, 2011, the respondent has neither filed a verified statement nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

It should be noted that the respondent is delinquent in her attorney registration fees for the periods 2008-2009 and 2010-2011.

In view of the discipline imposed by the Supreme Court of the State of New Jersey, we find that the imposition of reciprocal discipline is warranted and suspend the respondent from the practice of law for a period of two years. Any application by the respondent for reinstatement to the New York State bar will be contingent upon her reinstatement in New Jersey upon proof of her fitness to resume the practice of law as attested to by a recognized mental health expert in the New Jersey proceeding.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and AUSTIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Kathleen Frances Gahles, is suspended from the practice of law for a period of two years, commencing May 17, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 18, 2013. In such application, the respondent shall furnish satisfactory proof that during said period she (1) refrained from practicing or attempting to practice law, (2) complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted herself; and it is further,

Ordered that the respondent's reinstatement shall be contingent upon her reinstatement in New Jersey upon proof of

her fitness to resume the practice of law as attested to by a recognized mental health expert in the New Jersey proceeding; and it is further,

Ordered that the respondent, Kathleen Frances Gahles, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Kathleen Frances Gahles, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Kathleen Frances Gahles, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).